In re KNAPP BROS. et al.

(District Court, N. D. New York. May 31, 1917.)

JUDGMENT ⬡⟫828(3)—CONCLUSIVENESS—MATTERS CONCLUDED.

Petitioners sold land to U., who told them to send the deed to the bankrupts' private bank, and they would receive their money. They sent it to the bank, accompanied by a letter asking the bankrupts to put the money on interest and send a check. U. had no money in the bank, but was organizing a corporation, and one of the bankrupts drew a check, purporting to be that of the corporation, marked it "Paid" and sent petitioners a certificate of deposit for the amount. The bankrupts were then insolvent, but did not fail for some time, during which, so far as appeared, petitioners could have obtained their money on the certificate of deposit. After bankruptcy the trustee recovered judgment against the corporation for the amount of such check, with interest, as for an overdraft. Petitioners sued U. and the corporation in the state court, which decided against them, holding that they received from the bank just what they requested. *Held* that, in the face of this judgment, there was no

theory on which the bankruptcy court was authorized to direct the trustee to assign the judgment recovered by him to the petitioners.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1507, 1508, 1515.]

In Bankruptcy. In the Matter of Knapp Bros., a copartnership, and Charles J. Knapp and others, individuals, bankrupts. On application by Ella J. and Nellie E. Wheaton for an order directing the trustee to assign a certain judgment to the petitioners. Application denied.

Vere H. Multer and R. F. Bieber, both of Binghamton, N. Y., for petitioners.

E. D. Cumming, of Deposit, N. Y., and Archibald Howard, of Binghamton, N. Y., for trustee.

RAY, District Judge. An order of reference was made to a special master, with directions to take evidence and report same to the court with findings of fact. This has been done. There is no pretense that the petitioners, Ella J. and Nellie E. Wheaton, ever owned the judgment or the cause of action on which it was obtained. The claim to the relief demanded is based on equities growing out of the following transactions:

I. September 30, 1908, said petitioners were the owners in fee of certain premises in the village of Deposit, Broome County, N. Y., of the value of $2,300. The Deposit Theater Company, of Deposit, N. Y., was not then incorporated, but was at a later date. One Daniel G. Underwood represented certain interests and interested parties which later became the Deposit Theater Company. In fact, he was not agent for any one: but he desired to get hold of the property for the purpose of transferring it to such company when organized. He negotiated for the purchase of said property with a view to such transfer later, and such negotiations resulted in the execution of a deed by said petitioners to him. He told them to send the deed to the Bank of Knapp Bros., private bankers, and they would get the money. Underwood had no account or credit or money in the bank.

II. On or about September 30, 1908, the deed was sent to the bank, accompanied by a letter written by one of the petitioners, but representing both, and which reads as follows:

"Binghamton, N. Y., Sept. 30/08.

"Mr. C. Knapp—Dear Sir: Find inclosed deed for house and lot. Please hold the same in your possession, until the sum of $2,300 is paid you by Dan Underwood. Would like the amount put on interest in your bank, and check sent to us for same. Miss Nellie E. Wheaton.
"Mrs. Ellen J. Wheaton."

C. Knapp was one of the firm of Knapp Bros. No money was paid or left at the bank by Underwood, or any one for him; but Knapp, knowing the purpose of the transaction, arbitrarily caused a check to be drawn, reading as follows:

"Deposit, N. Y., Oct. 8, 1908. No. ———.

"Knapp Brothers, Bankers, Successors to the Deposit National Bank:

"Pay to the order of Cfs. for E. J. or N. E. Wheaton in payt. of Deposit Property, $2300.00, Twenty-Three Hundred Dollars.
"Deposit Theater Co. to be
"C. P. K. by L. D. H."

—marked across the face by stamp: "Paid Oct. 9, Knapp Bros., Bankers, Deposit, N. Y.," and charged it to the Deposit Theater Company, not then incorporated or organized, and directed an account to be opened with such company. Such an account was placed on the books, but no money was paid or deposited by any one. The bank in fact was insolvent at the time.

On the same day Knapp Bros. made out and sent to the petitioners a certificate of deposit reading as follows:

"$2,300.00.                              Deposit, N. Y., Oct. 8, 1908.

"Knapp Brothers, Bankers, Successors to the Deposit National Bank.

"Mrs. Ellen J. Wheaton has deposited with this bank twenty-three hundred dollars, payable to the order of Ellen J. or Nellie E. Wheaton, on return of this certificate properly indorsed. Interest at the rate of four per cent. per annum if left six months.

"No. 14,273.                                      Knapp Bros., H.

"Certificate of deposit, not subject to check."

Indorsed: "Ellen J. Wheaton."

The petitioners were ignorant of these transactions at the bank and of its insolvency; but, as seen, they received the obligation of the bank in the above form.

III. In January, 1909, Underwood and wife conveyed said premises to the Deposit Theater Company, then organized. The theater company paid nothing to Underwood or the bank for such premises, nor did any other person, or in consideration for such credit to Underwood, or for such certificate of deposit. The said Knapp Bros. continued in business until the close of business April 8, 1909, when they failed.

IV. The result was the Deposit Theater Company had the petitioners' real property, of the value of $2,300; the bank received nothing, was insolvent, and the petitioners had such certificate of deposit, substantially worthless. It will pay a small dividend in bankruptcy.

V. In July, 1910, one Gregory, as trustee in bankruptcy of Knapp Bros., both as a firm and as individuals, recovered a judgment in the Supreme Court of the state of New York against said theater company for a purported overdraft, the amount of such check and interest, viz. $2,566.57, and same was docketed and became a lien on such premises. This is the judgment which the petitioners seek to have assigned to them.

VI. The petitioners brought an action in the Supreme Court of the state of New York against Underwood and wife and said theater company, setting out the facts, in the main, demanding judgment for the unpaid purchase price of such premises, and demanding that it be declared a lien prior to such judgment last referred to. The petitioners were defeated in that action; the Supreme Court holding that the petitioners got from the bank of Knapp Bros. what they requested— that is, credit with that bank for the purchase money. That court ignored the fact that the bank received nothing and was insolvent at the time.

In face of this last judgment and decision of the Supreme Court of the state, I fail to discover any theory on which this court can direct the trustee in bankruptcy of Knapp Bros. to assign to the petitioners

the judgment against the theater company recovered on the alleged overdraft of said theater company. It was not recovered on any indebtedness of the theater company to the petitioners, but on an alleged indebtedness of that company to the Knapp Bros. (private bank). True, Knapp Bros. were insolvent, and in fact received nothing for the delivery of the deed to Underwood, and he received nothing for deeding the property to the theater company and paid nothing to the bank, but an obligation of the bank (Knapp Bros.) to the petitioners was created by the check credit given and the certificate of deposit, and subsequently the theater company acknowledged its liability to the bank, and the judgment resulted. The petitioners could have demanded, and, so far as appears, could have received, their money of the bank on the certificate of deposit at any time prior to its failure. That liability of the bank, Knapp Bros., now in bankruptcy, has not been denied or questioned by the trustee, and, so far as appears, the situation of the petitioners is the same as if the money had been paid to the bank by Underwood or the theater company. True, the directions to Knapp Bros. were to deliver the deed to Underwood when and only when $2,300 was paid by him, but then followed this:

"Would like the amount put on interest in your bank and check sent to us for same."

This meant, of course, the sending of a certificate of deposit or its equivalent and the creation of an indebtedness of the bank to the petitioners. There is no evidence or suggestion that the nonreceipt of the $2,300 by the bank had anything to do with the insolvency of the bank or its failure; that is, the violation of the duty of the bank to the petitioners in delivering the deed without payment of the money by Underwood is not shown to have resulted in any loss or damage to the petitioners. Clearly the petitioners have a claim against the bank (Knapp Bros.); but the Supreme Court has decided, as stated, that the petitioners had and have no claim against Underwood or the theater company or the property.

The application is denied.